UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD CUNNINGHAM | CIVIL ACTION |
| VERSUS | NO. 24-2338 |
| KONITRA JACK | SECTION L (2) |

### ORDER & REASONS

Before the Court is Defendant Konitra Jack's Motion to Dismiss. R. Doc. 6. Plaintiff Chad Cunningham filed an opposition, styled as a motion to "strike" Defendant's motion. R. Doc. 7. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

I. BACKGROUND

Plaintiff, proceeding *pro se*, filed the instant suit in which he challenges the enforcement of child support orders against him. In his complaint, he alleges that Defendant Konitra Jack is the Director of "Region 6," his local Department of Children and Family Services ["DCFS"] office. R. Doc. 1 at 3. He argues that Region 6 is being run as a "business for profit" and that it "sells" certain "services to customers" including "establishment of child support orders" and "collection of child support payments." *Id.* at 5. He avers that "as a Genesis 1:26 man, Plaintiff was born equally free and independent" but that Region 6 has "subjugate[d] Plaintiff Chad to involuntary servitude by converting him to a non-custodial parent." R. Doc. 1 at 3. He avers that Defendant wrongfully "compel[ed] Plaintiff Chad to involuntary participation" in the child support program by "coercive collection" procedures such as sending "U.S. mail [] threatening to arrest him, and or suspension of his driver's license." *Id.* at 11. Thus, he maintains that he has suffered the "loss of his inalienable rights not to associate with the business for profit . . . resulting in his enslavement." *Id.* Finally, Plaintiff argues that Defendant wrongfully used his social security information to "use automated systems to search for then locate and seize his honestly acquired money and other assets in relation to

1

a noncustodial parent." *Id.* at 12. Overall, Plaintiff brings § 1983 claims for alleged violations of his "1st, 4th, 7th, 13th, and 14th Amendment rights." *Id.* at 6. He also alleges that Defendant committed collusion, false advertising, and employment discrimination. *Id.* at 20. He seeks $12,000,000 in damages, as well as injunctive relief terminating his child support responsibilities "on the basis that [he] did not enroll in, apply for, or enter a personal responsibility contract" for child support "services." *Id.* at 23-25.

## II. PRESENT MOTION

Defendant moves to dismiss this suit for lack of jurisdiction as well as for failure to statue a claim. R. Doc. 6. She avers that "Plaintiff's Complaint contains numerous references to various provisions of the United States Constitution and United States Code, but it appears plaintiff essentially seeks relief from the enforcement of child support orders under Title IV-D of the Social Security Act." R. Doc. 6-1 at 1. She argues that to the extent that Plaintiff seeks monetary damages, his claims must be dismissed for lack of jurisdiction because the Louisiana Department of Children and Family Services has not waived sovereign immunity. *Id.* at 3-4. To the extent Plaintiff seeks injunctive relief, Defendant concedes that this Court may have jurisdiction. *Id.* at 4. However, she avers that Plaintiff has failed to state a claim on which relief can be granted. *Id.* That is, Defendant argues that all the child support enforcement actions of which Plaintiff complains are permissible under federal and state law. *Id.* at 5-6. Overall, Defendant argues that settled case law holds that individuals have no constitutional right to terminate their child support obligations. *Id.* at 6.

Plaintiff opposes the motion, R. Doc. 7. He argues that Defendant "attempts to diminish the plausibility of Plaintiff's claims by mischaracterizing them as conclusory despite the detailed factual foundation provided throughout the Complaint." *Id.* at 2.

### III. LAW & ANALYSIS

Defendant seeks (1) a partial dismissal of Plaintiff's suit based on lack of jurisdiction and (2) a total dismissal based on Plaintiff's failure to state a claim. The Court takes these issues in turn.

#### A. Plaintiff's Claims for Monetary Damages Must Be Dismissed for Lack of Jurisdiction.

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to seek dismissal of a complaint based on "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). For a Rule 12(b)(1) motion to dismiss, the burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* When examining a Rule 12(b)(1) motion, the district court may consider matters of fact that may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Here, Defendant argues that dismissal of Plaintiff's claims for monetary damages is appropriate because the doctrine of "sovereign immunity" means that this Court lacks jurisdiction over these claims. Generally, "Eleventh Amendment sovereign immunity bars private suits against non-consenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019); *see Va. Off. Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent."). "Because Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state, a defendant's motion to dismiss asserting Eleventh Amendment sovereign immunity is properly brought under

3

Rule 12(b)(1)." *Hopkins v. Wayside Sch.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024). "[D]ismissal under Rule 12(b)(1) on the basis of Eleventh Amendment sovereign immunity must be without prejudice. *Harris v. La. Dep't of Pub. Safety & Corr.*, No. 22-2473, 2023 WL 3601656, at *1 (E.D. La. May 23, 2023).

Although sovereign immunity bars suits against non-consenting state officials for monetary damages, the "*Ex Parte Young* exception" permit suits against state officials for purely injunctive relief. *Paxton*, 943 F.3d at 997. "The *Young* exception is a legal fiction that allows private parties to bring 'suits for injunctive or declaratory relief against individual state officials acting in violation of federal law.'" *Id.* (citing *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)). "For the exception to apply, the state official, 'by virtue of his office,' must have 'some connection with the enforcement of the challenged act, or else the suit is merely making him a party as a representative of the state, and thereby attempting to make the state a party.'" *Id.* (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Overall, the *Young* exception can sustain a suit against a state official where the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

Here, the Court finds that it lacks jurisdiction over Plaintiff's claims for monetary damages because Defendant has not waived sovereign immunity. The Louisiana Legislature has clearly stated that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. Stat. Ann. § 13:5106(A). Further, courts have specifically held that "[Louisiana] DCFS is an arm of the state. A state official sued in her official capacity is not considered a 'person' subject to suit under § 1983. Thus, to the extent Plaintiff asserts claims against [DCFS representatives] in their official capacities, such claims must be dismissed." *Williams v. Dep't of Soc. Servs.*, No. 23-2851, 2023 WL 7870609, at *4 (E.D. La. Oct. 16, 2023). Here, likewise, Plaintiff brings suit against Defendant Konrita Jack, the Child Support Enforcement

4

Director of DCFS, in her "official capacity." R. Doc. 1 at 2. Accordingly, Plaintiff's claims for monetary damages against Defendant are barred by sovereign immunity. Thus, the Court lacks jurisdiction and must dismiss Plaintiff's claims for monetary damages without prejudice pursuant to Rule 12(b)(1). *See Hopkins*, 2024 WL 3738478, at *4.

However, Plaintiff also requests injunctive relief in his Complaint. This claim is not facially barred on jurisdictional grounds given the *Ex Parte Young* exception. Accordingly, the Court next addresses whether Plaintiff has plead sufficient facts to allege an "ongoing violation of federal law" as is required by that exception. *Verizon*, 535 U.S. at 645.

### B. To the Extent that Plaintiff Seeks Injunctive Relief, His Suit Must Be Dismissed for Failure to State a Claim.

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations that are "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Particularly, "a plaintiff must plead specific facts, not mere conclusory allegations." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). The complaint must also "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court must construe facts in the light most favorable to the nonmoving party, and it "must accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)). A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Here, the Court must dismiss Plaintiff's suit for failure to state a viable claim. Put simply, Plaintiff fails to allege any "ongoing violation of federal law." *Verizon*, 535 U.S. at 645 (2002). Dismissal is appropriate where a plaintiff generally protests the enforcement of child support orders against him based on severe mischaracterizations of the law. For example, in *Martin v. Taylor County*, the plaintiff sued the Child Support Division of the Taylor County Office of Attorney General. No. 23-052, 2024 WL 965298, at *4 (N.D. Tex. Mar. 6, 2024). He alleged violations of his "rights under the Fourth, Fifth, Seventh, Thirteenth and Fourteenth Amendments" and averred that Defendants' enforcement of child support orders against him amounted to "executive imprisonment" and slavery. *Id.* at *1, *3. The court first explained that "[the plaintiff's] claims rely on a seriously flawed understanding of child support laws, other legal doctrines, and unsupported conclusions of law" such as his incorrect allegations that the Child Support Division was a "private business." *Id.* at *2. Overall, the Court dismissed all the plaintiff's claims. It dismissed his Fourth Amendment claim for unlawful seizure as "non-sensical," explaining that the "agency's ability to garnish wages to provide for child support is statutorily supported by Texas law." *Id.* at *3. It dismissed his claim for failure to provide a jury trial, explaining that "the 7th Amendment applies only to proceedings in the courts of the United States, and does not in any manner whatever govern or regulate trials . . . in state courts." *Id.* (citing *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916). Finally, it dismissed his Thirteenth and Fourteenth Amendment claims, explaining that "[c]ourts have resoundingly rejected attempts to categorize paying child support as slavery." *Id.* (citing *United States v. Ballek*, 170 F.3d 871, 874-75 (9th Cir. 1999)).

The reasoning of *Martin* applies to this case. Here, identically, Plaintiff incorrectly characterizes DCFS as a "business for profit" and fundamentally misconstrues the legal scheme governing enforcement of child support orders. As in *Martin*, Louisiana's ability to enforce child support orders is "statutorily supported" by state and federal law. *See Boudreaux v. Boudreaux*,

6

2015-0536 (La. 10/14/15), 180 So. 3d 1245, 1253 ("By federal mandate, each state is required to have a program for child support enforcement. . . . Pursuant to this federal mandate, Louisiana enacted La. R.S. 46:236.1 et seq. to establish a state child support enforcement program."). Louisiana law explicitly "authorizes the DCFS to enforce, collect, and distribute the support obligation owed by any person to his child or children." La. Stat. Ann. §46:236.1.2. Simply put, Plaintiff's foundational challenge against the state's ability to enforce child support orders is fundamentally misplaced. As such, Plaintiff's constitutional claims fail for the same reasons explained by the *Martin* court and summarized above.

Further, the specific enforcement actions of which Plaintiff complains are also affirmatively allowable under the law. First, Plaintiff alleges that Defendant used "threats" and "coercive collection" practices because she sent "U.S. mail [] threatening to arrest him, and or suspension of his driver's license." R. Doc. 1 at 11. However, Louisiana law explicitly provides that individuals who fail to pay child support are subject to imprisonment and suspension of their driver's licenses. *See* La. Stat. Ann. § 14:75 ("It shall be unlawful for any obligor to intentionally fail to pay a support obligation . . . For a first offense, the penalty for failure to pay a legal child support obligation shall be a fine of not more than five hundred dollars or imprisonment for not more than six months, or both."); La. Admin. Code tit. 55, § III-114 ("The Office of Motor Vehicles will suspend the drivers license of any person that fails to pay child support upon receipt of a court order or upon notification from the Department of Children and Family Services."). Thus, taking as true Plaintiff's allegation that Defendant mailed him letters advising of possible arrest or license suspension for non-payment, such correspondence is accurate and informational rather than "coercive." Second, Plaintiff also complains that Defendant used his social security information to locate him. Again, Louisiana law allows DCFS to use automated systems and data to locate non-paying parents. *See* La. Stat. Ann. §46:236.10 (providing that

7

DCFS should create an "automated state case registry of child support orders" and use the registry to "extract information from, to share and compare information with, and to receive information from other databases" including "federal parent locator services"). Plaintiff provides no support for the proposition that Defendant's use of his data was unlawful.

Although Defendant names a wide variety of alleged legal claims such as *Monell* liability, Title VII employment discrimination, collusion, violation of "separation of powers," false advertising, and multiple constitutional claims, he simply does not allege any facts which could support a suit against Defendant. "[T]here are no judicial decisions recognizing a constitutional right of a man to terminate his duties of support under state law for a child that he has fathered, no matter how removed he may be emotionally from the child." *Williams v. Att'y Gen.*, No. 24-1554, 2025 WL 388476, at *6 (E.D. La. Feb. 4, 2025). Overall, the Court will dismiss Plaintiff's suit pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Because the fundamental errors underlying Plaintiff's suit cannot be solved by amendment, the Court will dismiss the suit with prejudice. *See Martin*, 2024 WL 965298, at *2 ("[B]ecause the Court concludes that leave to amend could not remedy the numerous deficiencies, the Court denies [plaintiff] leave to amend.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to Dismiss, R. Doc. 6, is **GRANTED** as outlined above. Plaintiff's claims for monetary damages are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's claims for injunctive relief are dismissed with prejudice for failure to state a claim.

New Orleans, Louisiana on this 19th day of March, 2025.

_____
Eldon E. Fallon
U.S. District Court Judge